

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00116-CR

GABRIEL ARMANDARIZ                                          APPELLANT

V.

THE STATE OF TEXAS                                                STATE

----------

## FROM THE 90TH DISTRICT COURT OF YOUNG COUNTY
## TRIAL COURT NO. 10506

----------

## MEMORANDUM OPINION[1]

----------

A jury found Appellant Gabriel Armandariz guilty of the offense of capital murder and assessed his punishment at life without parole; the trial court sentenced Armandariz accordingly.  *See* Tex. Penal Code Ann. § 19.03(a)(7)(A), (b) (West Supp. 2016).  Armandariz timely perfected this appeal.

---

[1]*See* Tex. R. App. P. 47.4.

Armandariz's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are, in counsel's assessment, no arguable grounds for relief. *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). In compliance with *Kelly v. State*, counsel notified Armandariz of his motion to withdraw, provided him a copy of the brief, informed him of his right to file a pro se response, informed him of his pro se right to seek discretionary review should this court hold the appeal is frivolous, and took concrete measures to facilitate Armandariz's review of the appellate record.[2] *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). This court afforded Armandariz the opportunity to file a brief on his own behalf, and he did so.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991);

---

[2]We previously abated this case and remanded to the trial court to ensure that Armandariz had access to the complete appellate record. *See Armandariz v. State*, No. 02-15-00116-CR, 2016 WL 2772086, at *2 (Tex. App.—Fort Worth May 12, 2016, no pet.) (order). In compliance with our order, the trial court issued a bench warrant on Armandariz so that he would have access to the record. We are satisfied that Armandariz has received access to the complete appellate record. *See Kelly*, 436 S.W.3d at 319. We note that Armandariz has written us a letter, which we will characterize as a motion, indicating that he would also like to view all notes made by the prosecution during trial. That motion is denied. *See* Tex. Code Crim. Proc. Ann. art. 39.14(a) (West Supp. 2016) (exempting work product of counsel for the State from discovery).

*Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have undertaken an exhaustive and careful review of the record in this case, which included the review of 65 volumes of the reporter's record as well as the review of a lengthy clerk's record. Having reviewed such record, in addition to the 51-page *Anders* brief filed by counsel and Armandariz's pro se response, we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: LIVINGSTON, C.J.; WALKER and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 5, 2017

3